# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ILYA LIVIZ SR. J.D., M.Ed., Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, Defendant. | Civil Action No. 18-12087-IT |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

The court previously directed plaintiff to show cause, in writing, why this action should not be dismissed for failure to state a claim and as time barred. In response, Plaintiff filed an <u>Opposition to *Sua Sponte* Dismissal</u> [5]. Following review of this response, the court dismisses this action for reasons set forth herein.

### I. Discussion

#### A. Screening of the Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, 28 U.S.C. § 1915 authorizes federal courts to dismiss the complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

#### B. Analysis

Plaintiff brings suit against the President and Fellows of Harvard College ("Harvard") pursuant to 42 U.S.C. §§ 1982, 1983, seeking a declaratory judgment that he has a property right in a D.M.D. degree.

Under Section 1982, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Although Section 1982 "does not use the phrase 'discrimination based on race,' that is its plain meaning." *MHANY Mgmt. Inc. v. County of Nassau*, 843 F.Supp.2d 287, 337 (E.D.N.Y. 2012) (citing *Gomez–Perez v. Potter*, 553 U.S. 474, 479 (2008)). As the court previously noted, the complaint fails to allege facts showing that Harvard was motivated by racial animus or any intent to discriminate against Liviz because of his race (which is not specified in the complaint). Mem. & Order [4] at 2. Plaintiff's response makes no claim of racial discrimination. His contention that this case involves a claim to a business license is non-responsive to the racial discrimination requirement.

Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013) (citing *Rehberg v. Paulk*, 566 U.S. 356, 360 (2012). Here, Harvard is a private party. *See Krohn v. Harvard Law Sch.*, 552 F.2d 21, 23 (1st Cir. 1977) (finding insufficient present-day relationship between Harvard and the Commonwealth to treat the school as a public institution subject to federal jurisdiction in a Section 1983 suit). As the court previously explained, Harvard does not fall under the "color of state law" within the meaning of Section 1983. Mem. & Order [4] at 2. That plaintiff purportedly paid for a property right does not remove this "color of state law" requirement.

Finally, even if the complaint had stated civil rights claims under 42 U.S.C. §§ 1982, 1983, such claims would be barred by the applicable statute of limitations. As the court previously explained, plaintiff's civil rights claims arising in Massachusetts would be time barred because they would have accrued more than three years before the filing of this action. Mem. & Order [4]

Under Section 1982, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Although Section 1982 "does not use the phrase 'discrimination based on race,' that is its plain meaning." *MHANY Mgmt. Inc. v. County of Nassau*, 843 F.Supp.2d 287, 337 (E.D.N.Y. 2012) (citing *Gomez–Perez v. Potter*, 553 U.S. 474, 479 (2008)). As the court previously noted, the complaint fails to allege facts showing that Harvard was motivated by racial animus or any intent to discriminate against Liviz because of his race (which is not specified in the complaint). Mem. & Order [4] at 2. Plaintiff's response makes no claim of racial discrimination. His contention that this case involves a claim to a business license is non-responsive to the racial discrimination requirement.

Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013) (citing *Rehberg v. Paulk*, 566 U.S. 356, 360 (2012). Here, Harvard is a private party. *See Krohn v. Harvard Law Sch.*, 552 F.2d 21, 23 (1st Cir. 1977) (finding insufficient present-day relationship between Harvard and the Commonwealth to treat the school as a public institution subject to federal jurisdiction in a Section 1983 suit). As the court previously explained, Harvard does not fall under the "color of state law" within the meaning of Section 1983. Mem. & Order [4] at 2. That plaintiff purportedly paid for a property right does not remove this "color of state law" requirement.

Finally, even if the complaint had stated civil rights claims under 42 U.S.C. §§ 1982, 1983, such claims would be barred by the applicable statute of limitations. As the court previously explained, plaintiff's civil rights claims arising in Massachusetts would be time barred because they would have accrued more than three years before the filing of this action. Mem. & Order [4]

at 2. Plaintiff's assertion that there is no applicable statute of limitations for his claims is incorrect as a matter of law.

## II. Order

Based upon the foregoing, on this court's screening of the complaint filed *in forma pauperis*, and after providing plaintiff an opportunity to respond, the court finds that the complaint fails to state a claim upon which relief may be granted and is hereby dismissed. **So ordered.**

                                                   /s/ Indira Talwani
                                                   United States District Judge

Dated: February 13, 2019